**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS BURGUM, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | Case No. 1:25-cv-04285-CJN |

**DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(n)(1)**

Defendant Secretary of the Interior and other named Defendants [1] (collectively, "Defendants"), by and through undersigned counsel, hereby seek relief from Local Civil Rule 7(n)(1) to the extent that it applies. The rule appears to be aimed at dispositive motions where an administrative record is necessary for disposition. That is not the case here. Nonetheless, we file this Motion for Relief out of an abundance of caution. Under Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff, and Plaintiff takes no position on this Motion.

Defendants are concurrently moving to dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. The Court's review of that Motion to Dismiss, which will raise only questions of law, will not require an administrative record or a certified list of the contents of an administrative record.

---

[1] Defendants are Douglas Burgum, in his official capacity as Secretary of the U.S. Department of the Interior; the U.S. Department of the Interior; the National Park Service; Brooke Rollins, in her official capacity as Secretary of the U.S. Department of Agriculture; and the U.S. Department of Agriculture. Dkt. 1.

Local Rule 7(n)(1) states that in administrative record review cases, "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint *or simultaneously with the filing of a dispositive motion*, whichever occurs first." LCvR 7(n)(1) (emphasis added). Defendants have moved, contemporaneously with this filing, to dismiss the Complaint in its entirety because Plaintiff lacks standing. Because an administrative record is unnecessary for the Court to decide the dispositive legal questions raised in the Motion to Dismiss, Defendants should be relieved from filing an index to an administrative record under Local Rule 7(n) until the Court has ruled on the dispositive motion for three reasons.

First, the language of Local Rule 7(n)(1), and comments to the rule, show that the rule is not intended to apply to dispositive motions that do not rely on an administrative record, as is the one here. Unless otherwise ordered by the Court, the rule requires an agency to file the certified list of the contents of the administrative record "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion[.]" LCvR 7(n)(1). "Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited *or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion[,]*" and instructs that "[c]ounsel shall not burden the appendix with *excess material from the administrative record that does not relate to the issues raised in the motion* or opposition." *Id.* (emphasis added). The stated purpose of Local Rule 7(n) is "to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion." LCvR 7(n) (cmt.). Thus, the rule, as amended, was intended to apply only

2

to those dispositive motions that are based on the agency's administrative record, such as motions for summary judgment, rather than motions to dismiss under Rule 12(b).

Local Rule 7(n)'s requirement to prepare and file a certified list is therefore closely related to the requirement to prepare the appendix, and appears to have been intended to apply only to those dispositive motions that are based on the agency's administrative record, and require preparation of an appendix, such as motions for summary judgment. *See, e.g.*, Minute Order, *Safari Club Int'l v. Jewell*, No. 14-cv-670 (D.D.C. June 23, 2014) ("LCvR 7(n)(1) was amended for the convenience of the Court and addresses cases at the summary judgment stage . . . ."). By contrast, filing a certified list in conjunction with a motion to dismiss that does not raise issues related to the record is inconsistent with the rule's exhortation to avoid "burden[ing]" the Court and the parties with "excess material from the administrative record that does not relate to the issues raised in the motion or opposition." LCvR 7(n)(1). Accordingly, the D.C. Circuit has routinely deferred the filing of the certified list when defendants have filed motions to dismiss raising only threshold legal arguments.  *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (affirming district court's dismissal of Plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel the production of the administrative record before deciding motion to dismiss); *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 112 (D.D.C. 2011) ("When presented with a motion to dismiss for failure to state a claim, the district court may, in appropriate circumstances, reach the merits even in the absence of the administrative record, as when the parties' arguments can be resolved with reference to nothing more than the relevant statute . . . ."). Courts in this district routinely grant government requests to defer the filing

of a certified list of the contents of the administrative record.  *See e.g.*, *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018).[2]

Second, resolving Defendants' Motion to Dismiss, filed simultaneously with this Motion, will not require an administrative record. The Motion is based on the Complaint and raises only questions of law related to whether Plaintiff has Article III standing. Neither an administrative record nor an index will be necessary for the Court's decision. *See Mdewakanton Sioux Indians of Minn.*, 264 F. Supp. 3d at 123 n.12 (construing federal defendants' motion to dismiss as incorporating a motion to be relieved from Local Rule 7(n)(1) and granting the motion "because the administrative record is not necessary for [the Court's] decision here").

Finally, the Court should determine whether it has jurisdiction over this case before requiring Defendants to compile and certify an administrative record. A court must determine that it has jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025); *see also Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, the Supreme Court has held that Article III jurisdiction is always an antecedent question to be answered prior to any merits inquiry." (citation modified)). And unless the Court determines that it has jurisdiction over the

---

[2] *See also, e.g.*, *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *Carroll v. Off. of Fed. Cont. Compliance Programs,* 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014); *see also US Inventor, Inc. v. U.S. Patent & Trademark Off.*, No. 22-cv-2218, 2023 U.S. Dist. LEXIS 119316, at *27 (D.D.C. July 12, 2023); Minute Order, *U.S. Ass'n of Reptile Keepers, Inc. v. Jewell*, No. 13-cv-2007 (D.D.C. Jan. 28, 2014); Minute Order, *Oregonians for Floodplain Prot. v. U.S. Dep't of Com.*, No. 17-cv-1179 (D.D.C. Sept. 4, 2017); Minute Order, *Friends of Animals v. Ashe*, No. 13-cv-1580 (D.D.C. Dec. 23, 2013); Minute Order, *Fitzgerald v. Fed. Transit Admin.*, No. 14-cv-1471 (D.D.C. Feb. 17, 2015).

action and will proceed to consider the merits of Plaintiff's claims, compiling an administrative record will be unnecessary, and it would be a waste of limited agency resources to compile and certify a record when the case may be disposed of at the motion to dismiss stage. *See Liang v. U.S. Citizenship & Immigr. Servs.*, No. 24-cv-1690, 2025 U.S. Dist. LEXIS 186238, at \*9 (D.D.C. Sept. 25, 2025) (granting defendants' motion for relief from Local Rule 7(n)(1) "to conserve scarce agency resources" where "the case must be dismissed for lack of jurisdiction").

For the foregoing reasons, Defendants respectfully request that this Court relieve them from Local Rule 7(n)(1)'s requirements, to the extent they apply in this case, until the Court has ruled on Defendants' Motion to Dismiss.

Dated: March 23, 2026

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Peter M. Torstensen, Jr.
Deputy Assistant Attorney General

*/s/ Alexa V. Penalosa*
Alexa V. Penalosa (AZ 038005)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 294-3569
Email: alexa.penalosa@usdoj.gov

*Attorneys for Defendants*

5