**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVER-SITY, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS BURGUM, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | Case No. 1:25-cv-4285 (CJN) |

**DEFENDANTS' OPPOSED MOTION FOR ENTRY OF A BRIEFING SCHEDULE AND FOR A STAY OF SUMMARY JUDGMENT BRIEFING**

Defendants, by and through undersigned counsel, respectfully submit this Motion for the Entry of a Briefing Schedule and for a Stay of Summary Judgment Briefing. The undersigned has conferred with Plaintiff, who oppose the relief requested herein. For the following reasons and for good cause shown, Defendants request the entry of the following extended briefing schedule to govern Plaintiff's forthcoming First Amended Complaint:

1.  On March 23, 2026, Defendants moved to dismiss Plaintiff's suit and concurrently sought relief from Local Rule 7(n). Dkt. 9, 10.

2.  On April 8, Plaintiff filed an unopposed motion for an extension of time to amend its Complaint under Federal Rules of Civil Procedure 6(b)(1) and 15(a)(1)(B) and notified the Court of its intent to file a motion for summary judgment under Rule 56 and Local Rule 7(h). Dkt. 11. Therein, Defendants indicated they did not oppose the requested extension of time for Plaintiff to file its amended complaint, but "to the extent Plaintiff intends to concurrently move for summary judgment, Defendants believe such a motion would be premature at this stage in the litigation." *Id*. The motion for an extension of time was granted by the Court. *See* Min. Order April 9, 2026.

1

3. On April 15, Plaintiff's filed a second Motion for Extension ("Motion for Extension") seeking a 4-day extension of time, to April 24, to file its First Amended Complaint and Motion for Summary Judgment. Dkt. 12. Therein, counsel for Plaintiff indicated it had requested Defendant's position on the extension sought via email and telephone but did not receive a response. *Id.* The undersigned notes that Defendants were provided with less than three hours to respond to the conferral before Plaintiff filed its Motion for Extension. This was not sufficient time for Defendants to confer with their respective clients and provide a response.

4. The Court granted the Motion for Extension, and Plaintiff's First Amended Complaint and Motion for Summary Judgment are due on or before April 24, 2026. *See* Min. Order April 17, 2026.

5. Because there is not a briefing schedule in place, Local Civil Rule 7 currently governs the schedule for any responsive pleading to the forthcoming Amended Complaint and Motion for Summary Judgment. Assuming Plaintiff's file its Amended Complaint and Motion for Summary Judgment on Friday, April 24, Defendants' answer or responsive pleading, and response and any cross-motion for summary judgment will be due May 8. Due to pre-existing work conflicts and other considerations, Defendants need additional time to prepare an answer or responsive pleading, and any response and any cross-motion for summary judgment. Among these conflicts, the undersigned will be out of the country on personal travel from April 26 to May 5, 2026. In addition, Defendants' responses and any potential cross-motion will require additional time to be reviewed within the Department of the Interior, Department of Agriculture, and the Department of Justice.

2

6. Further, Defendants take the position that any summary judgment briefing is premature at this stage in the litigation and seek the stay of any briefing on summary judgment. Federal Rule of Civil Procedure 56 specifically contemplates that early summary judgment motions may "in many cases … be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had," thus empowering the district court to issue "[s]cheduling orders or other pretrial orders [to] regulate timing to fit the needs of the case." Fed. R. Civ. P. 56(b), Advisory Committee Note, 2010 Amendment. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, a stay of any pending summary judgment briefing would be warranted to allow resolution of threshold jurisdictional questions, to promote judicial efficiency, and to comply with the governing procedures for adjudicating APA claims.

7. Pursuant to Local Civil Rule 7(m), the undersigned conferred with counsel for Plaintiff, and their position is as follows:

Plaintiff opposes Defendants' motion. Plaintiff is preparing to file a first amended complaint and a motion for summary judgment by April 24, 2026 in accordance with Fed. R. Civ. P. 56(b), Local Rule 7(h) and (n), and the Court's Minute Orders entering that deadline in response to Plaintiff's requested extensions. ECF No. 11; Minute Order (Apr. 9, 2026); ECF No. 12; Minute Order (Apr. 17, 2026). Plaintiff's Motion for Summary Judgment will provide the factual basis to support standing with declarations from its members, and those factual allegations will be incorporated into its First Amended Complaint. Thus, Plaintiff believes it would be inefficient and uneconomical to litigate the Center's standing on the basis of its first amended complaint. Plaintiff does not object to Defendants producing the administrative record on May 22, 2026. Plaintiff respectfully requests to have until Monday, April 27, 2026 to file a concise response to Defendant's motion that fully addresses these issues, including the reasons why the merits of Plaintiff's Claim for Relief may be reached with or without the administrative record, and proposes a briefing schedule that accommodates the scheduling concerns of Defendants' counsel.

8.  Defendants seek the entry of a briefing schedule to govern any forthcoming responsive pleading and subsequent briefing under Rules 12(b)(1) and/or 12(b)(6) and submit the following briefing schedule for the Court's consideration, which factors in the foregoing:

**Motion to Dismiss**

- April 24, 2026

    o   Plaintiff's Amended Complaint

- May 22, 2026

    o   Defendants' Motion to Dismiss and production of the administrative record pursuant to Local Civil Rule 7(n) or motion for relief from thereof.

- June 5, 2026

    o   Plaintiff's Response to Defendants' Motion to Dismiss

- June 12, 2026

    o   Defendants' Reply in Support of their Motion to Dismiss

- 10 days after any order on the Motion to Dismiss, if needed, the Parties will file a Joint Status Report with a proposed summary judgment briefing schedule, including the production of the administrative record if not already produced.

9.  To the extent summary judgment is necessary, Defendants propose that a briefing schedule be set after the resolution of any threshold questions of jurisdiction, as it would be inefficient to proceed concurrently with summary judgment briefing because the Court must address jurisdictional questions before considering the merits of any case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Such a schedule, if necessary, should include sufficient time for the production (and any dispute) of the administrative record. Plaintiff takes the position that pushing through to summary judgment without an administrative record will serve to "narrow the issues on dispute" and postulates that if there are

disputed facts remaining, only then "may Defendants prepare an administrative record to provide a basis for review of those remaining issues." Dkt. 11. But Plaintiff's Complaint only raises one claim for relief, alleging a violation of the Federal Lands Recreation Enhancement Act and the APA. Dkt. 1 at 14-15. 5 U.S.C. § 706 establishes that "the court shall review the whole record or those parts of it cited by a party," the record review rule applies to claims under both the "arbitrary" and "capricious," *id.* § 706(2)(A), and "excess of statutory jurisdiction," *id.* § 706(2)(C), standards of review. Thus, by its very nature, the one claim Plaintiff brings requires resolution based on the administrative record. Therefore, Plaintiff's request for this Court to adjudicate their APA claim without an administrated record is contrary to the APA's own mandate and would not resolve the merits of its case.

10. Finally, adopting a briefing schedule that permits jurisdictional questions to be resolved before reaching the merits of this case will limit the rounds and pages of briefing before the Court, and save limited judicial resources and considerable time and costs to the parties. In contrast, proceeding with summary judgment at this juncture could force the Court to concurrently resolve two motions—briefing on a motion to dismiss and summary judgment—and could also result in two rounds of merits briefings—one without an administrative record, which is contrary to the APA's mandate, and one with the record—rather than a single round of merits briefings. Such a posture will be inefficient for both the parties and the Court.

11. Good cause exists to enter Defendants' proposed schedule, because it is reasonable and will still result in a timely resolution of any jurisdictional questions. Accordingly, Defendants respectfully request that the Court enter the scheduling order proposed above. Should

the Court find it beneficial to discuss this proposal and those additional considerations of the overall management of this case (including the potential for summary judgment briefing after an administrative record is produced), Defendants are available for a conference at the Court's convivence, subject to the constraints discussed above.  A proposed order is attached.

Respectfully submitted this 22nd day of April 2026.

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Peter M. Torstensen, Jr.
Deputy Assistant Attorney General

*/s/ Alexa V. Penalosa*
Alexa V. Penalosa (AZ 038005)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-0492
Email: alexa.penalosa@usdoj.gov

*Attorneys for Defendants*