**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | Civil Action No.: 1:25-cv-04285 (CJN) |
| *Plaintiff*, | PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS' MOTION FOR A BRIEFING SCHEDULE AND A STAY OF |
| v. | SUMMARY JUDGMENT BRIEFING, AND OPPOSED COUNTER-MOTION |
| DOUGLAS J. BURGUM, Secretary, U.S. Department of the Interior, *et al*., | FOR ENTRY OF A BRIEFING SCHEDULE ON PLAINTIFF'S MOTION |
| *Defendants*. | FOR SUMMARY JUDGMENT |

Plaintiff hereby opposes Defendants' motion, ECF No. 13 ("Motion"), for entry of a briefing schedule and a stay of the briefing of Plaintiff's Motion for Summary Judgment, ECF No. 16 ("MSJ").  The undersigned counsel conferred with Defendants, who state they oppose Plaintiff's request to enter a schedule to brief Plaintiff's MSJ.

Defendants' Motion should be denied.  Proceeding with summary judgment will avoid the parties having to litigate Plaintiff's standing in seriatim.  In addition, this case is not likely to involve a voluminous record (such as in a case involving an environmental impact statement). Defendants now state that they can produce the administrative record by May 22, 2026, which will be soon enough for the parties to be able to cite to relevant portions in their briefs.

Instead, Plaintiff respectfully requests the Court to exercise its inherent discretion and to enter Defendants' schedule, set forth below, but to enter it as the schedule for the parties to brief Plaintiff's MSJ.  Thus, the adjusted schedule is as follows:

| | |
|---|---|
| April 24, 2026 | Plaintiff's Amended Complaint |
| April 27, 2026 | Plaintiff's Motion for Summary Judgment |
| May 22, 2026 | Defendants' Response to Plaintiff's MSJ and Cross-Motion for Summary Judgment |

June 5, 2026            Plaintiff's Reply in Support of Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment

June 12, 2026           Defendants' Reply in Support of Summary Judgment

The reasons for this response and motion are as follows:

1.      In this case, Plaintiff challenges Defendants' decision to use an image featuring President Donald Trump on the America the Beautiful-The National Parks and Federal Recreational Lands Pass for 2026.  This decision and the reasons for it was announced publicly in a November 25, 2025 news release from the National Park Service and Secretary of Interior Doug Burgum, and a video from Secretary Burgum of the same date. *See* ECF No. 16-12 (DOI News Release); ECF No. 1 (2026 America the Beautiful Pass); ECF No. 16-9 (Declaration of Amy Atwood in support of Motion for Summary Judgment) ("Atwood Decl.") ¶¶ 2-4.

2.      After Plaintiff filed its original complaint in this case on December 10, 2025, on March 23, 2026 Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  ECF No. 9.  Defendants argued that Plaintiff's original complaint did not plead sufficient facts to confer Plaintiff's associational standing. ECF No. 9.  Rather than oppose Defendants' motion to dismiss, Plaintiff chose to amend its complaint as of right under Rule 15(a)(1)(B).  Plaintiff filed its amended complaint on April 24, 2026. ECF No. 15.  Plaintiff's FAC pleads additional facts to further support its standing. *Id.* ¶¶ 10-19.

3.      On April 27, 2026, Plaintiff filed its MSJ. ECF No. 16.[1] In its MSJ, Plaintiff addresses two issues. One, Plaintiff provides declarations and arguments to support its standing so that the issue may be resolved fully and based on the specific facts.  As argued in their Motion to

---

[1] As the Court-ordered due date was April 24, 2026, Plaintiff has moved the Court to allow it to be lodged out of time under Federal Rule of Civil Procedure 6(b)(1)(B). ECF No. 17.

Dismiss, Defendants do not believe that Plaintiff has standing due to the injuries plaintiff alleges—at bottom, Defendants allege Plaintiff's injuries are "self-inflicted and insufficient to confer standing." ECF No. 9 (Motion to Dismiss) at 7.  Presuming Defendants intend to present that argument again, it will be more efficient to assess the merits of it with all facts that support standing. This furthers the purpose of Rule 15(a)(1)(B).  See Fed. R. Civ. P. 15(a), Advisory Committee Note, 2009 Amendment ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.").

4.      Two, Plaintiff's MSJ seeks summary judgment on its Claim for Relief, in which Plaintiff challenges Defendants' use of the Trump Image on the 2026 America the Beautiful Pass as contrary to the Federal Lands Recreation Enhancement Act, 16 U.S.C. §§ 6801-6814 ("FLREA") and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  Plaintiff's Claim for Relief raises issues that are primarily legal in nature, as it asks whether the 2026 Pass, which continues to be sold to the public, features an image of Federal recreational lands or waters that was selected through the annual image competition, as FLREA requires, 16 U.S.C. § 6804(a)(2).

5.      Plaintiff maintains that this can be reviewed based largely on the 2026 Pass itself. ECF No. 11, at 3.  Indeed, of the 23 exhibits Plaintiff filed in support of its MSJ, approximately eight are screenshots of the 2026 Pass "Resident Annual Pass" or the "Nonresident Annual Pass" in various iterations, and a table which demonstrates the images used on the Annual Pass from 2014-2025.[2]  The remaining exhibits consist of the Contest Rules, news releases by Defendants in

---

[2] See ECF Nos. 16-1 (Trump Image), 16-13 (Glacier NP Image), 16-15 (Ex. 6) (Digital Resident Annual Pass), 16-22 (Table of 2014-2025 Annual Passes); 16-23 (Digital Resident Annual Pass from USGS); 16-24 (2026 Annual Pass after purchase), and several versions of the "Nonresident Annual Pass," ECF Nos. 16-25 to 16-27 (Ex. Nos. 16-19)

connection with the 2024 Contest, excerpts from several triennial reports Defendants have submitted to Congress over the years, and few other documents.

6.      Defendants make much of what they say is a need to take this matter in several sequences, in part so they may have sufficient time to produce the administrative record.  However, this is not a case that is likely to involve a voluminous record.  After all, there is only a few months between the point when Defendants announced that the Contest-winning photograph of Glacier National Park would be used on the 2026 Pass, and the point when they took a very different course and decided to use Trump Image on the Pass instead. ECF Nos. 16-3 and 16-4.  Given this stark departure from the agencies' consistent approach up until that point, the administrative record for the final action cannot be voluminous.  This is particularly true given that Defendants are unlikely to include any materials in the administrative record that they consider to be predecisional and deliberative. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (holding that pre-decisional, deliberative documents are not part of the administrative record and need not be produced or listed in a privilege log).

7.      Hence, while this is a case based on the APA, it is not a case in which, e.g., Plaintiff is alleging a lack of substantial evidence, or a case that likely involves a voluminous record (such as cases involving environmental impact statements), which is what Local Civil Rule 7(n) is intended for. See LCvR 7(n) (Comment to LCvR 7(n)) ("This rule is intended to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion.").

8.      Not proceeding to summary judgment now will directly impact Plaintiff's members, who would purchase and use an Annual Pass during 2026 but for Defendants' action in using the Trump Image on this the Pass this year. *See* ECF Nos. 16-5 (Declaration of Ryan Deibert), 16-6

(Declaration of Stephen Raher), 16-7 (Declaration of Melanie Topham), and 16-8 (Declaration of Brett Hartl).  These members do not have a generalized grievance about the 2026 Pass, they have actual and ongoing harms to their monetary, recreational, educational, environmental, cultural, and aesthetic interests in having the Annual Pass and the convenience and cost-effectiveness it provides them.  In light of this, the matter is particularly suitable for disposition through summary judgment.

9.      For example, Melanie Topham, who lives in Utah, visits national parks, monuments, and forests multiple times per year. She estimates that to carry out her travel plans this year, she will either have to pay about $410 in total, which is about $330 more than she would with an Annual Pass, or she will have to reduce the number of her trips. 16-7 (Topham Decl.) ¶¶ 26-30. Brett Hartl's Annual Pass expires in June. ECF No. 16-8 (Hartl Decl.) ¶ 11.  As he visits Federal public lands almost every week to recreate and bird-watch, he will have to pay significantly more money to continue to do so in the absence of the relief Plaintiff is requesting through summary judgment.

10.      On the other hand, Defendants have not articulated any prejudice to their interests were this matter to proceed to summary judgment.

11.      Defendants are correct that in the normal course, judicial review of a case challenging administrative agency action is to be reviewed based on the administrative record. However, the Court has equitable discretion to expedite summary judgment where, as here, the issues are primarily legal in nature, to avoid prejudice, and/or to avoid litigating issues in sequence. For example, last week Judge Berman Jackson converted a motion for preliminary relief to a motion for summary judgment and ruled on it on an expedited basis.  *Wash. Area Bicyclist Ass'n v. Burgum*, Civ. No. 26-0988, 2026 LX 195319, at *1-3 (D.D.C. Apr. 21, 2026) (noting procedural

history in case involving imminent removal of the 15th Street Cycle Track in Washington, D.C. and reaching the merits about a month after the case commenced).

12.     Moreover, Plaintiff is not taking the position that there is no place for the administrative record at all in this matter.  And Defendants state that they anticipate they can produce the administrative record by May 22, 2026, the date they propose for their response to Plaintiff's FAC.  ECF No. 16 (Motion) at 4 (schedule).  Therefore, the record—which, again, is not likely to be voluminous—will be supplied in time for the parties to complete their briefing on Plaintiff's MSJ.

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion should be denied. The parties should be directed to move this case forward on Plaintiff's MSJ according to the schedule put forth by Defendants.

DATED: April 28, 2026                         Respectfully submitted,


                                              */s/ Amy Atwood*
                                              Amy R. Atwood Greenwald (D.C. Bar No. 470258)
                                              Center for Biological Diversity
                                              P.O. Box 11374
                                              Portland, OR 97211-0374
                                              (971) 717-6401
                                              atwood@biologicaldiversity.org

                                              *Attorney for Plaintiff*