**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>       Plaintiff,<br><br>   v.<br><br>DOUGLAS BURGUM, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>       Defendants. | Case No. 1:25-cv-4285-CJN |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF A BRIEFING SCHEDULE AND
FOR A STAY OF SUMMARY JUDGMENT BRIEFING**

**TABLE OF CONTENTS**

I.      Introduction.................................................................................................................1

II.     Argument ....................................................................................................................1

        A.      Summary judgment briefing should be stayed until jurisdictional questions
                are resolved....................................................................................................1

        B.      A stay will not prejudice CBD or its members........................................................3

III.    Conclusion .................................................................................................................4

i

**TABLE OF AUTHORITIES**

**Cases**

*Angulo v. Gray*,
  907 F. Supp. 2d 107 (D.D.C. 2012) ......................................................................................3

*Daniels v. United States*,
  947 F. Supp. 2d 11 (D.D.C. 2013)........................................................................................2

*Freedom Watch v. Dep't of State*,
  925 F. Supp. 2d 55 (D.D.C. 2013) .......................................................................................2

*Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*,
  No. 11-202, 2011 WL 10959877 (D.D.C. Apr. 8, 2011) .....................................................2

*In re Papandreou*,
  139 F.3d 247 (D.C. Cir. 1998) .............................................................................................2

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)...............................................................................................................1

*United Transp. Serv. Emps. of Am., CIO v. Nat'l Mediation Bd.*,
  179 F.2d 446 (D.C. Cir. 1949) .............................................................................................2

*Washington Area Bicyclist Ass'n, Inc. v. Douglas Burgum et al.*,
  No. CV 26-0988, 2026 WL 1078218 (D.D.C. Apr. 21, 2026)..........................................3, 4

*West Virginia ex rel. Morrisey v. United States Department of Health & Human Services*,
  No. CV 14-1287, 2014 WL 12803229 (D.D.C. Nov. 3, 2014) ..........................................2, 4

*Yanofsky v. U.S. Dep't of Com.*,
  No. CV 19-2290, 2022 WL 2980344 (D.D.C. Mar. 31, 2022) ..............................................3

### I.   Introduction

Defendants' motion to stay summary judgment proceedings should be granted to allow this Court to resolve threshold jurisdictional questions.  The Supreme Court has expressly held that "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).  Plaintiff, Center for Biological Diversity ("CBD"), has failed to show why the Court should depart from that typical course here.  Instead, CBD seeks to deprive Defendants of their right to renew the motion to dismiss, declaring unilaterally that the Amended Complaint cured its standing deficiency.  It has not.

As courts have routinely held, the most appropriate and efficient way to proceed is for the Court to first assure itself of jurisdiction before requiring the parties to file summary judgment briefs.  Briefing the merits will be unnecessary if the Court grants Defendants' motion to dismiss.  Even if the Court denies Defendants' motion to dismiss, at a minimum, the remaining issues requiring summary judgment briefing will be in sharper focus.  These gains in efficiency outweigh any slight delay caused by granting Defendants' motion to stay.

### II.   Argument

#### A.  Summary judgment briefing should be stayed until jurisdictional questions are resolved.

The "first and fundamental" question for any court is that of jurisdiction.  *Id.*  As the Supreme Court has recognized, "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* at 94-95 (citation modified).  The D.C. Circuit has similarly recognized that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and

1

fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254-55 (D.C. Cir. 1998) (citation modified).

Defendants' forthcoming motion to dismiss will raise the threshold issue of CBD's standing to bring suit. Until this Court rules on those jurisdictional issues, Defendants "should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Emps. of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Because Defendants' motion, if granted, would end this litigation, it would waste resources to require the parties and the Court to address the substance of CBD's summary judgment motion at this time.

Indeed, district courts routinely suspend consideration of the merits while dispositive motions to dismiss are pending. For example, in *West Virginia ex rel. Morrisey v. United States Department of Health & Human Services*, the court stayed summary judgment briefing to allow the defendant to move to dismiss. No. CV 14-1287, 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014). The court held that "suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff; staying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide." *Id.* (citing *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011)); *see also Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss);

2

*Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same).  These holdings apply with equal force here.

### B.  A stay will not prejudice CBD or its members.

CBD contends its members will suffer immediate and ongoing harm if the Court does not expedite briefing on the merits.  ECF No. 18 at ¶8.  But CBD has failed to meet its threshold burden of Article III standing, and its newly submitted declarations do not cure its standing deficiencies.  *See, e.g.*, Decl. of Kieran F. Suckling, ECF No. 16-4 at ¶ 19 ("I purchased a 2026 America the Beautiful Pass."); Decl. of Brett Hartl, ECF No. 16-8 at ¶11 ("My current pass expires in June 2026."); Decl. of Melanie Topham, ECF No. 16-7 (unsigned declaration that should be stricken in its entirety) [1]; *see generally* Defendants' Motion to Dismiss, ECF No. 9. Defendants should be provided with the opportunity to brief these dispositive jurisdictional issues before the merits.

Should this case proceed with the merits, the briefing schedule should include sufficient time for the production—and any potential dispute—of the administrative record.  Instead, CBD urges this Court to adopt a schedule that does not address the administrative record or any potential dispute about its completeness.  ECF No. 18, at 1.  It is unclear if CBD wishes to proceed without an administrative record or if it intends for Defendants to brief the merits while concurrently compiling the administrative record.  *Id.*  Defendants would be prejudiced under either circumstance.

In support of its position to expedite the schedule, CBD points to *Washington Area Bicyclist Ass'n, Inc. v. Douglas Burgum et al.*, No. CV 26-0988, 2026 WL 1078218, at *2

---

[1]    *Yanofsky v. U.S. Dep't of Com.*, No. CV 19-2290, 2022 WL 2980344, at *3 n.3 (D.D.C. Mar. 31, 2022) (granting a motion to strike an unsigned declaration in summary judgment briefing because it violated both Local Civil Rule 5.1(f) and 28 U.S.C. § 1746).

3

(D.D.C. Apr. 21, 2026).  ECF No. 18 at ¶11.  This reliance is misplaced.  In *Washington Area Bicyclist Association, Inc.*, the court converted a motion for *preliminary injunction* to a motion for summary judgment.  In addition, the agency lodged its administrative record before the court ruled on the motion for summary judgment.  2026 WL 1078218, at *11.  Here, (1) CBD has not moved for a preliminary injunction, and its members will not suffer any harm, much less irreparable harm; and (2) the agency has not had the opportunity to lodge the administrative record.

As the court noted in *West Virginia ex rel. Morrisey*, "judicial review under the [Administrative Procedure Act] is confined to the full administrative record[,]" and "absent the production of the administrative record, further summary judgment briefing in this matter would be premature."  2014 WL 12803229, at *2 (citation modified).

**III.   Conclusion**

CBD has not provided sufficient justification for the Court to deviate from the normal course of addressing threshold jurisdictional issues before considering the merits in summary judgment briefing.  For these reasons, Defendants request that the Court grant its request for a stay.

Respectfully submitted this 4th day of May, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

PETER M. TORSTENSEN, JR.,
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

4

*/s/ Jennifer A. Najjar*
JENNIFER A. NAJJAR, Trial Attorney (CO 50494)
ALEXA V. PENALOSA, Trial Attorney (AZ 038005)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 598-9032 (Najjar)
Jennifer.najjar@usdoj.gov

Attorneys for Defendants

5