**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL
DIVERSITY,

        Plaintiff,

    v.

DOUGLAS BURGUM, SECRETARY,
U.S. DEPARTMENT OF THE INTERIOR,
*et al.*,

        Defendants.

Case No. 1:25-cv-4285-CJN

## DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(n)(1)

Defendants[1] move this Court for relief from Local Civil Rule 7(n)(1) to the extent it applies. The rule appears to be aimed at dispositive motions where an administrative record is necessary for disposition. That is not the case here. Nonetheless, we file this Motion for Relief out of an abundance of caution and in accordance with this Court's May 6, 2026, Minute Order. Counsel for Defendants conferred with counsel for Plaintiff Center for Biological Diversity, who represent their position as follows: "Plaintiff will respond to Defendants' motion for relief from Local Civil Rule 7(n) after Plaintiff's counsel has reviewed it along with Defendants' motion to dismiss."

Local Rule 7(n)(1) states that in administrative record review cases, "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint *or simultaneously with the filing of a dispositive motion*, whichever occurs first." LCvR 7(n)(1) (emphasis added). Defendants have moved,

---

[1] Defendants are Douglas Burgum, in his official capacity as Secretary of the U.S. Department of the Interior; the U.S. Department of the Interior; the National Park Service; Brooke Rollins, in her official capacity as Secretary of the U.S. Department of Agriculture; and the U.S. Department of Agriculture. First Am. Compl., Dkt. No. 15.

1

contemporaneously with this filing, to dismiss Plaintiff's First Amended Complaint in its entirety because Plaintiff lacks Article III standing under Federal Rule of Civil Procedure 12(b)(1). Because an administrative record is unnecessary for the Court to decide this dispositive legal question, Defendants should be relieved from filing an index to an administrative record under Local Rule 7(n) until the Court has ruled on the dispositive motion for two reasons.

First, the language of Local Rule 7(n)(1), and comments to the rule, show that the rule is not intended to apply to dispositive motions that do not rely on an administrative record, such as the Motion to Dismiss here.  Unless otherwise ordered by the Court, the rule requires an agency to file the certified list of the contents of the administrative record and copies "of the administrative record that are cited *or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion*."  LCvR7(n)(1) (emphasis added).  The rule further instructs that "[c]ounsel shall not burden the appendix with *excess material from the administrative record that does not relate to the issues raised in the motion* or opposition." *Id.* (emphasis added).  The stated purpose of Local Rule 7(n) is "to assist the Court in cases involving a voluminous record (*e.g.*, environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion." LCvR 7(n) (cmt.).  Thus, the rule, as amended, was intended to apply only to those dispositive motions that are based on the agency's administrative record, such as motions for summary judgment, rather than motions to dismiss under Rule 12(b). *See*, *e.g.*, Minute Order, *Safari Club Int'l v. Jewell*, No. 14-cv-670 (D.D.C. June 23, 2014) ("LCvR 7(n)(1) was amended for the convenience of the Court and addresses cases at the summary judgment stage . . . .").  Courts in this district have routinely deferred the filing of the certified list when defendants have filed motions to dismiss raising similar threshold legal arguments.  *See*, *e.g.*, *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (affirming

district court's dismissal of the plaintiff's claims and rejecting the argument that the district court erred in refusing to compel the production of the administrative record before deciding motion to dismiss); *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 112 (D.D.C. 2011) ("When presented with a motion to dismiss for failure to state a claim, the district court may, in appropriate circumstances, reach the merits even in the absence of the administrative record, as when the parties' arguments can be resolved with reference to nothing more than the relevant statute . . . ."); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (same). This reasoning applies with equal force here, where resolving the Article III deficiencies outlined in the Motion to Dismiss does not require an administrative record.

Second, the Court should determine whether it has jurisdiction over this case before requiring Defendants to compile and certify an administrative record. A court must determine that it has jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025); *see also Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, the Supreme Court has held that Article III jurisdiction is always an antecedent question to be answered prior to any merits inquiry." (citation modified)). And unless the Court determines that it has jurisdiction over the action and will proceed to consider the merits of Plaintiff's claims, compiling an administrative record will be unnecessary, and it would be a waste of limited agency resources to compile and certify a record when the case may be disposed of at the motion to dismiss stage. *See Liang v. U.S. Citizenship & Immigr. Servs.*, No. 24-cv-1690, 2025 U.S. Dist. LEXIS 186238, at *9 (D.D.C. Sept.

22, 2025) (granting defendants' motion for relief from Local Rule 7(n)(1) "to conserve scarce agency resources" where "the case must be dismissed for lack of jurisdiction").

For the foregoing reasons, Defendants respectfully request that this Court relieve them from Local Rule 7(n)(1)'s requirements, to the extent they apply in this case, until the Court has ruled on Defendants' Motion to Dismiss.

Respectfully submitted this 22nd day of May 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

*/s/ Alexa V. Penalosa*
ALEXA V. PENALOSA (AZ 038005)
JENNIFER A. NAJJAR (CO 50494)
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 294-3569 (Penalosa)
Email: alexa.penalosa@usdoj.gov

*Attorneys for Defendants*

4