**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *Plaintiff*, <br><br> v. <br><br> DOUGLAS J. BURGUM, Secretary, U.S. Department of the Interior, *et al.*, <br><br> *Defendants*. | Civil Action No.: 1:25-cv-04285 (CJN) <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff the Center for Biological Diversity respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a recent decision from the U.S. Court of Appeals for the District of Columbia Circuit that is directly relevant to Defendants' Motion to Dismiss, ECF No. 27, as well as Plaintiff's Motion for Summary Judgment, ECF No. 16.

On August 7, 2026, the D.C. Circuit issued its decision in *Nat'l Tr. for Historic Pres. in the U.S. v. Nat'l Park Serv.,* No. 26-5123, 2026 WL 2276494 (D.C. Cir. Aug. 7, 2026). This ruling addresses the specific requirements for establishing associational standing. In *Nat'l Tr. for Historic Pres.*, the D.C. Circuit held that the plaintiff non-profit organization had shown associational standing by showing that at least one member likely had standing to sue.

The Court's holding was based on the plaintiff member's ability to sue in her own right, due to concrete and imminent injuries to her judicially recognized professional, personal, cultural, historical, and aesthetic interests in appreciating and studying a White House with a legally compliant historic design. Specifically, the Court found that an association sufficiently establishes injury-in-fact when its member "'aver[s] that [she] use[s] the affected area' and is an individual '"for whom the aesthetic and recreational values of the area will be lessened" by the challenged

activity.'" *Nat'l Tr. for Historic Pres. in the U.S. v. Nat'l Park Serv.,* 2026 WL 2276494, at *15; *id.* at *13–16.  These injuries "qualify as an Article III injury." *Id.* at *15. In particular, the D.C. Circuit's holding confirms that such cultural, aesthetic and related injuries are not "a mere 'psychological consequence' that similarly impacts everyone across the country." *Id.* at *17-18.

The D.C. Circuit further held that the plaintiff organization showed a likelihood of establishing the causation and redressability prongs of Article III standing of its individual member, *id.* at *19, that the interests the association was suing to protect were germane to its purpose, *id.* at *19-22, and that the claim asserted and the relief requested did not require the participation of individual members in the lawsuit, *id.* at *22.

The D.C. Circuit's holding also clarified that the "aesthetic harm" need not "change[] the plaintiff's conduct" in order to be sufficient for Article III purposes. *Id.* at *17 The holding rejected the government's "cramped standing theory" that would "deem no one injured by a decision" so long as they "could just shift their gaze" away from the visual impact. *Id.* at *18 (cleaned up). "The harm would remain from being unable to look upon[ or] learn from" a "lost historical view." *Id.*

These holdings directly inform the arguments by the parties regarding Plaintiff's associational standing in this case—in particular, regarding the valid injuries-in-fact to the aesthetic, cultural, historic, and other judicially recognized interests of Plaintiff's organizational members, ECF No. 29 at 13-16, and germaneness to its organizational purpose, *id.* at 25-26, as set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss.

DATED: August 14, 2026                    Respectfully submitted,


 s/ *Ivan Ditmars*
Ivan Ditmars (DC Bar No. CA00243)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin Street, Suite 375
Oakland, CA 94612
(510) 844-7158
iditmars@biologicaldiversity.org

Amy Atwood (DC Bar No. 470258)
CENTER FOR BIOLOGICAL DIVERSITY
225 N. Killingsworth St.
Portland, OR 97217
(503) 283-5474
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*