**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS BURGUM, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-4285 (CJN)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants submit this limited response to Plaintiff Center for Biological Diversity's Notice of Supplemental Authority, Dkt. 31, alerting the Court of the D.C. Circuit's recent decision in *National Trust for Historic Preservation in the United States v. National Park Service*, No. 26-5123, 2026 WL 2276494 (D.C. Cir. Aug. 7, 2026).[1] Plaintiff suggests that *National Trust* "informs" the arguments related to associational standing in this case. *See* Dkt. 31 at 1-2. It does not. *National Trust* is distinguishable.

For example, this Court should reject Plaintiff's attempt to equate the aesthetic injury-in-fact in *National Trust*—the demolition of the East Wing and construction of an integrated military complex, including a secure ballroom—to the aesthetic injury-in-fact alleged here—the use of an image that on the 2026 Interagency Pass that offends Plaintiff's members. In *National Trust*, the D.C. Circuit held, in part, that a member of an organization demonstrated concrete aesthetic harm based on direct, personal, and repeated access to the building involved and "aesthetic injuries that '[she] would suffer'" *See* 2026 WL 2276494, at *13-14. Plaintiff attempts to stretch that holding

[1] On August 13, the United States Solicitor General filed an application for a stay of the injunction issued in *National Trust*, pending the government's forthcoming petition for a writ of certiorari and any further proceedings in the Supreme Court.

to allow individuals to establish injury-in-fact if they "use[] an affected area" and the "'aesthetic and recreational values of [that] area will be lessened' by the challenged activity." Dkt. 31 at 1-2 (citing *National Trust*, 2026 WL 2276494, at *15). But even accepting that argument on its own terms, nothing about the 2026 Interagency Pass lessens—in any way—the aesthetic or recreational values of *any* federal recreational lands. Instead, Plaintiff's alleged injury stems from the fact that the pass used to access federal recreational lands—which are not diminished by Defendants' conduct—purportedly inflicts aesthetic harm on Plaintiff's members because it contains an image that offends them. Plaintiff's asserted aesthetic injury is thus worlds apart from the aesthetic injury *National Trust* found sufficient to support standing.

In sum, *National Trust* does not alter the analysis in this case.

Respectfully submitted this 21st day of August, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

ROBERT LEVY
Senior Counsel (TX 12268660)
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Jennifer A. Najjar*
JENNIFER A. NAJJAR, Trial Attorney (CO 50494)
ALEXA V. PENALOSA, Trial Attorney (AZ 038005)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 598-9032 (Najjar)
Jennifer.najjar@usdoj.gov

*Attorneys for Defendants*