**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiff,*<br><br>v.<br><br>DOUGLAS BURGUM, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, *et al.,*<br><br>*Defendants.* | Case No. 1:25-cv-4285 (CJN)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff submits this response to Defendants' Notice of Supplemental Authority, Dkt. 35, alerting the Court to the Supreme Court's recent decision in *Nat'l Park Serv. v. Nat'l Tr. for Historic Pres. in the United States*, 609 U.S. ___, No. 26A203, 2026 WL 2564318 (U.S. Aug. 31, 2026) (*per curiam*). Defendants' suggestion that *Nat'l Park Serv.* "applies squarely to Plaintiff's claims" overstates the Court's holding and ignores the recreational and monetary nature of the harms that Plaintiff alleges. *See* Dkt. 35 at 1-2.

While relying on prior precedent that mere "disagreement with a defendant's actions does not" confer standing, the Supreme Court also reaffirmed that Article III standing *is* available where, as here, Plaintiff's members demonstrate a "concrete and particularized" injury to a "cognizable interest," including a recreational interest in public lands and other natural areas. *Nat'l Park Serv*, 2026 WL 2564318 at *4–*5 (cleaned up). The Supreme Court's decision, in fact, specifically reaffirms the very theory of standing that Plaintiff relied on in its Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment. *See* Dkt. 16-2

at 40; *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167 (2000). In *Laidlaw*, the Defendant's actions "forced [Plaintiffs] to abandon "fish[ing], camp[ing], swim[ming], and picnic[king] in and near the river as they had in the past" and that was sufficient to establish injury-in-fact for the purposes of Article III standing. *Nat'l Park Serv*, 2026 WL 2564318 at *4 (*quoting* 528 U. S. at 181–183).

Plaintiff's members attest to just such an injury to their "recreational" as well as "monetary" interests. *See* Dkt. 16-2 at 35. The Declarations of Plaintiff's members focus on the ways that the Defendants' actions have had "adverse effects on their finances and ability to visit public lands." *Id.* at 40. Plaintiff's members have experienced increased expenses and reduced access to recreational opportunities as a consequence of Defendant's actions. *See e.g.* Dkt. 16-8, Declaration of Brett Hartl, at 4 ("I will . . . have to spend more money or reduce my use of public lands, which harms my personal interests in observing wildlife found on public lands."); Dkt 16-7, Declaration of Melanie Topham, at 9 ("[My family] will either have to miss out on visiting new national parks and monuments and/or some of our favorite spots, or I estimate that we will have to pay [a larger amount in fees] to see them all."). No comparable concrete interests and injuries were asserted in *Nat'l Park Service*.

Respectfully submitted on September 10, 2026.

/s/ Ivan Ditmars

Ivan Ditmars (D.C. Bar No. CA00243)
Center for Biological Diversity
2100 Franklin St., Suite 305
Oakland, CA 94612
Phone: 510-844-7158
Email: iditmars@biologicaldiversity.org

*Attorney for Plaintiff.*